# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BRANDON MORRIS,             *

Plaintiff                  *

v.                        *      Civil Action No. CCB-20-95

WAYNE HILL and         *
F. TODD TAYLOR,

                         *

Defendants

                        ***

## MEMORANDUM OPINION

Self-represented plaintiff Brandon Morris, currently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against Maryland Department of Public Safety and Correctional Services ("DPSCS") Commissioner Wayne Hill and F. Todd Taylor, the Executive Director of the Inmate Grievance Office ("IGO"). ECF No. 1. Morris alleges violations of his Eighth and Fourteenth Amendment rights. ECF No. 1-1. As relief, he seeks transfer from NBCI and into general population, as well as $18,900 in damages. *Id.* at 3.

On June 22, 2020, defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 8. Morris filed a response (ECF No. 16), to which defendants replied (ECF No. 19). In addition, Morris filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 24) and Motion for Partial Summary Judgment (ECF No. 27), both of which defendants moved to strike (ECF Nos. 25, 28). Morris then filed a motion opposing defendants' motion to strike his request for partial summary judgment. ECF No. 31.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the court will grant defendants' Motion to Dismiss. All parties' remaining motions will be

denied.

## Background

Morris claims that on February 3, 2016, he was transferred to the custody of DPSCS through the Interstate Corrections Compact ("ICC") and was informed that he was pending another ICC transfer.  Complaint, ECF No. 1-1 at 1.  Morris has since remained in Maryland, where he has not been allowed to participate in monthly case management reviews for over two years.  *Id.*  In January, February, November, and December of 2019, Morris filed grievances with the IGO regarding his transfer and inability to participate in case management reviews, but he never received a response.  *Id.*  According to Morris, since December 1, 2019, he is the only "Max 1" security level inmate at NBCI; the other inmates had been transferred as NBCI has no housing programs for Max 1 inmates.  *Id.*  Morris claims that these allegations amount to a violation of his due process rights under the Fourteenth Amendment.  *Id.*

Morris also claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.  *Id.* at 2.  Specifically, Morris alleges that for over two years, he has not received his daily mental health medication or his monthly mental health welfare checks.  *Id.* Morris states that he has suicidal ideation and has self-mutilated several times, but NBCI does not have a proper suicide watch prevention cell.  *Id.*  Instead, NBCI uses a holding cell that allows everyone entering the building to see the inmate on suicide watch.  *Id.*

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss.  *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

## Analysis

### I.    The Motion to Dismiss

This court lacks jurisdiction to hear Morris's claims seeking economic damages from the defendants in their official capacity.  Under the Eleventh Amendment, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent or Congressional action.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Moreover, claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity, because a suit against a state actor is tantamount to a suit against the state itself.  *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

The Fourth Circuit, summarizing Supreme Court precedent, has noted just three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state: (1) when Congress, pursuant to a valid grant of constitutional authority, abrogates state sovereign immunity;

(2) when a plaintiff seeks prospective injunctive relief against a state official acting in violation of federal law; and (3) when a state waives state sovereign immunity. *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012).

In this case, none of the exceptions apply to Morris's claim for damages. Congress has not abrogated state sovereign immunity for claims, such as Morris's, brought pursuant to section 1983. Nor has Maryland waived immunity for such claims. Accordingly, defendants Hill and Taylor, in their official capacities, are immune from Morris's claims for monetary damages.

But a fair reading of the Complaint suggests that Morris seeks damages against the defendants not only in their official capacities, but also in their individual capacities, as well as prospective injunctive relief in the form of a court order requiring his transfer to a different prison facility. While claims seeking such relief are not barred by the Eleventh Amendment, in this case the claims nevertheless must be dismissed for two principal reasons: (1) failure to plead personal participation and (2) failure to properly exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

    *A. Personal Participation*

First, Morris's remaining claims fail because he does not allege any personal participation on the part of the named defendants, nor are there adequate grounds to hold them vicariously liable for the conduct of other unnamed officials with respect to the alleged Eighth and Fourteenth Amendment violations. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization

4

of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff.  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).  Generally, failure to supervise gives rise to § 1983 liability "only in those situations in which there is a history of widespread abuse."  *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983).

In his Complaint, Morris does not plead any specific allegations implicating the named defendants in the purported constitutional violations of which he complains.  Though he does state that the defendants "knowingly violated" his Fourteenth and Eighth Amendment rights and that they were "grossly negligent" in supervising officials at the prison, such conclusory allegations unsupported by factual assertions are insufficient to state a plausible claim for relief.  ECF No. 1-1 at 1, 3.  Morris also pleads that the defendants "learned of the violation of [his] rights" and "failed to do anything to fix the situation."  *Id.* at 3.  But Morris has not alleged that the defendants tacitly approved of the misconduct of which he complains, or that there is a history of widespread abuse, such that it could be plausible to conclude that the defendants caused the constitutional violations.

### B.  Exhaustion of Administrative Remedies

Second, Morris's claims fail for the additional reason that he has failed to properly exhaust administrative remedies.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A claim that has not been exhausted pursuant to the PLRA may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). The Supreme Court stated in *Ross* that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase v. Peay*, 286 F. Supp. 2d 523, 529-30 (D. Md. 2003). Exhaustion is also required even where the specific relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741. As a prisoner, Morris is subject to the strict requirements of the exhaustion provisions. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (and noting that no distinction is made with respect to exhaustion requirements between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee. Md. Code Ann., Corr. Servs. § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional Administrative Remedy Procedure ("ARP") process, before filing a grievance with the IGO. *See id.* § 10-206(b). The Maryland Department of Public Safety and Correctional Services has made an ARP available to Maryland

State prisoners for "inmate complaint resolution." *See generally id.* §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP).  Thus, before filing a grievance with the IGO, a prisoner is required, among other things, to make an initial request for an administrative remedy with the Warden.  *Id.* 12.07.01.04(B)(9)(a).

Here, nothing in the record suggests that Morris properly pursued his administrative remedies with respect to his Fourteenth Amendment claim.  In his unverified Complaint, Morris claims that he filed a grievance pursuant to the PLRA but did not receive a response, that he sent a grievance to the Commissioner, and that he sent grievances to IGO.  ECF No. 1 at 3; ECF No. 1-1 at 1.  It is therefore apparent that Morris sent his grievance directly to the IGO and the Commissioner without first submitting it to the Warden.  Thus, it is clear from the face of the complaint that he failed to properly follow the required ARP process with respect to the Fourteenth Amendment claim.  And as to his Eighth Amendment claim, Morris does not plead that he filed any grievances at all.

As discussed above, the PLRA requires that inmates exhaust all available remedies.  Because Morris failed to do so, his claims for injunctive relief and for damages against the defendants in their individual capacities will be dismissed without prejudice.[1]

## II.    Other Pending Motions

Morris has also filed a Motion for Temporary Restraining Order and Preliminary Injunction and a Motion for Partial Summary Judgment, both of which defendants have moved to strike.

A party seeking a preliminary injunction bears the burden of demonstrating: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the

---

[1] In light of this ruling, the court need not address defendants' remaining arguments.

injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Because Morris's claims are barred by the Eleventh Amendment, by virtue of his failure to plead personal participation, and by virtue of his failure to properly exhaust administrative remedies, Morris cannot demonstrate a likelihood of success on the merits. For this reason alone his request for preliminary injunctive relief fails. As the Complaint is being dismissed, Morris is not entitled to partial summary judgment. Thus, Morris's motion for injunctive relief and motion for partial summary judgment will be denied. Defendants' motions to strike and Morris's opposition thereto will be denied as moot.

### Conclusion

Defendants' Motion to Dismiss will be granted and the Complaint will be dismissed. Morris's Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Partial Summary Judgment will be denied. Defendants' Motions to Strike and Morris's motion in opposition thereto will be denied as moot.

A separate Order follows.

| 1/8/2021 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

8